Appellant v. Federal Bureau of Investigation, Ms. Jump for the appellant, and Mr. Hare for the appellee. You may proceed when you're ready. Thank you, Your Honors, and I would like to reserve three minutes for rebuttal. May it please the court. My name is Christina Jump and I'm here on behalf of the appellant, Boad Farahi. The Freedom of Information Act means exactly what it sounds like it means. Government agencies bear the obligation to provide information to the public freely upon request and the statute incorporates strong presumptions favoring disclosure and transparency with only narrowly defined exceptions that the government bears the burden to prove. Appellant Farahi has been waiting for over a decade now to get anything more than publicly available documents that he produced to the FBI and it produced back. To date, the FBI has only produced back those 61 pages of publicly available documents and is withholding over 10,000 pages of responsive documents in full. The FBI failed to meet its burdens under the Freedom of Information Act and this court's precedent in four ways. The FBI failed to appropriately establish that the responsive documents at issue were gathered for law enforcement purposes as opposed to intelligence. The FBI failed to properly articulate reasonably specific categories as required by this court's precedent and the Freedom of Information Act itself. The FBI has not properly demonstrated that there remains an ongoing law enforcement proceeding which is reasonably likely to lead to future law enforcement actions that could be harmed by disclosure in this matter. And finally, the FBI failed to properly demonstrate and the district court failed to articulate on the record the appropriate segregability analysis required by this court's precedent that it be on the record including an affiant attesting to a line-by-line review of the documents. What if the FBI did all those things but it was ex parte? I'm sorry, what was the last part, Your Honor? It was ex parte. If it was ex parte. If the FBI did all of those things and only addressed it ex parte, then the record needs to be clarified either by this court, if this court reviews it, or on remand to state the portions that can be publicly identified such as, for example, stating that a line-by-line review took place as to segregability, simply making that statement. That would be true if we were reviewing a decision by an agency and they're subject to the APA which imposes requirements about decisions being both reasonable and reasonably explained. But we're reviewing a district court decision here. And if we think the district court got it right, could have explained it better maybe, but got it right, why wouldn't we just defer? The review in this case is a de novo review by this court. And so that does allow this court to make the full analysis. And then under the authority of Sussman at 494, sorry, F3rd 1116, by this court, as well as earlier MEAT data, also WARS v. DOJ, and even more recently COREP versus the CIA, there does need to be an on-the-record statement that of specific findings, particularly as to segregability, with relatively detailed description of the withheld material and identifying the harm that would come. Now, some of that may well be articulated appropriately and only in the ex parte declaration. We're not saying that the concept of an ex parte declaration is inappropriate here. What we are saying is that the FBI and the district court failed to meet the burden to articulate what it can say on the record in the public opinion, publicly on the record, as to that portion. That also relates to how the Bender declaration made only conclusory statements as to proceedings still occurring, even though we're now ten years out from the original action here. Mr. Farahi has certainly never been charged. Any criminal actions that were ongoing at the beginning of him filing his request and the beginning of this litigation have long ended. Does it matter whether they were the same investigations when he filed as might be pending or reasonably anticipated now? Could it not be a series of kind of? Your Honor, I believe that the from the Bender declaration at paragraph six within the Bender declaration, which is at J.A. 131, it reads as though the FBI's position has not changed and those investigations remain ongoing. So there's a reference to just a conclusory reference that's in that portion without anything further, that it's the same ones. It's not saying that as a matter of law, that that the that the only law enforcement proceedings that we could consider would be ones that were in place when the case was filed. I am not making that argument as a matter of and by my reading of the case law and within this circuit, I don't believe that that is squarely addressed and certainly not squarely  law enforcement proceeding. Do immigration proceedings count? I do not believe that in immigration proceeding account unless the. I don't believe that it does meet the definition of the law enforcement proceeding. I am unaware of any authority that would qualify it that way. Instead, I believe that under the definitions as set forth in Cabezas versus FBI, for example, where the FBI recognized that its previous exemption and its main argument for withholding records became moot upon the resolution of that criminal proceeding. And so the FBI, without needing this court to instruct it to do so, did go back and then produce documents after that investigation concluded. That could have been done and should have been done here. The only amount to which, again, that there was a supplement provided as was required or specifically requested even by the district court judge based on the passage of time and the length of time that had occurred from the original filing of motions was the sole references and the conclusory statements in paragraph six at J.A. was it remains ongoing and there might be interference, but nothing more shown. Now, if there is something more sufficiently shown, it is in the ex parte communications that is not identified on the record by the district court judge that this sufficient standard was made. It's just a recitation of the standard and a conclusion which has been made by the district court, but no analysis. Referring back to the point that you were making about Sussman and whether the district court had fulfilled its obligation to make specific findings about segregability or not with respect to the documents reviewed and that the reasoning wasn't enough. You know, obviously, as Walker's question was pointing out, it's difficult when the information is it's being withheld as classified. Are you suggesting that there's sort of a more general abstract way that the explanation could be given such as, you know, these are whatever, you know, storage folders and written on them, you know, all the information on them is classified and these other things are, you know, interview reports and the information about who, when, what, where is all  Is that what you're saying needs to be done? And if not, what could be done and that would be consistent with a classified set of information? Your Honor, I believe what could be done is outlined by this court again, beginning in Sussman, stating that there must be specific findings and then continue, which is based on inciting to mean data. But then going from there in Juarez v. DOJ, as well as Pura v. CIA. Rather than just citing the cases, if you could do just more concretely explain what it is that you're imagining, that would be helpful. Yes, Your Honor. All of each of those cases reference that there was a line by line and page by page evaluation for segregability. So if the district judge said, I read the ex parte materials and I am satisfied that they demonstrate that a line by line and page by page examination was conducted. So that would be? That could do it, Your Honor. Again, as this court has recognized in that line of cases, including Machado Amadeus v. Department of State, that simply stating that a line by line analysis took place is not classified. And that is what's missing here. The vendor declaration does not speak to that as far as segregability. You said in response to Judge Pillard's question that that would be enough. If the district court had done that, what if we do it and say, even if the district court was mistaken to not do it, it was harmless because we've done it. And you said that's good enough. If that has been because of the de novo review standard that we have here, and as referenced by this court in Poros v. CIA, that could be enough if the declarations which have been submitted to this court specify that. It would not be necessarily for this court to conduct a line by line review of the 10,000 plus pages, certainly. But if the affiance have, in fact, attested to the proper standard, the line by line and page by page review, not the document by document, which is referenced in the Hardy declaration, but line by line and page by page. Judge's question was was not not so much a demand for magic words in the ex parte declarations. But if we if we read the ex parte declarations and we we conclude that what what Judge Pillar said happened happened, then that would we could say perhaps the district court should have said so. But it was harmless. And we're saying so now. Yes, your honor. I believe that if that is contained within the record that this court has and there's been this sufficient declaration and affiant to attest to that, then at least getting that in the record, as this court did in Poros, would be better than what the district court did here. The district court just is is missing that analysis. It simply states the standard and then issues a conclusion that it's fine. And in your view, document by document is different than line by line because. Or segregability, your honor, because simply stating that a document contains some classified material or some material that fits an exception or an exemption somewhere in the document is not the same as saying I did the analysis and there's no portion of it anywhere in the 10,000 pages that we could produce. Maybe every document of the 10,000 pages is. If I if I ask someone, did you read the document? They said yes. I would interpret that to me. And they read every line of the document. I believe that if they read it, first of all, to determine responsiveness, that's one evaluation versus if they're reading it to determine segregability. That is a different evaluation. And I don't know, depending on what what is attested. Obviously, speaking a little bit in the dark, but depending on what is attested, I think what was done was done for purposes of determining whether anything could be segregated out. What? I'm sorry. What did the district court not do on your theory? I'm looking at his second opinion. He says. As to segregability. I can't discuss can't discuss what's in the ex parte materials, but based on a thorough review, the court concludes the defendant has met its burden to provide a detailed justification for nonsegregability. That's the finding. And you read this in light of the first opinion where the district court correctly states the legal standard, which is can you walk out of documents that have exempt material, things that are comprehensible as opposed to a meaningless set of words and phrases. You have the right legal standard and you have the finding. What is missing there is any form of publicly available analysis, which would be, for example, JA139 just simply states the conclusion, recites what the case law is and states a conclusion instead of stating, as this court has done repeatedly in the cases already referenced here today, stating the appropriate analysis took place. There was a segregability analysis, which took place line by line and page by page. Even stating that is an improvement upon what is in the district court, which is simply a conclusory statement, and that is lacking under this court's precedent. I have one. Is your client in the country? Yes, you are. You know where? I don't know precisely where. I can find that out and supplement that. Right now I don't want to state that or get it wrong. I don't know that you need to supplement it. But I ask because are you in contact with your client? Yes, you are. And there was some reference in the materials to green card, to asylum. What's the status of his, what's his immigration status? Your Honor, with all due disclaimers that I am not an immigration expert or immigration attorney, and that is not where I'm going to purport to have any expertise. My understanding is that his request for asylum, I believe, was denied. He was found to be deportable, but that is different than being deported. And he does not have a green card? He does not currently, correct. He has continuously pursued options since being in the country, but does not currently have a green card. Your Honor, I would then also just like to wrap up before I allow my colleagues across the aisle to speak and identify that the FBI also failed to sufficiently identify the categories of the documents that it because it did not identify those in sufficient detail and demonstrate the applicability of the exemptions that it is claiming. And in addition to that, we do ask that if the court finds appropriate to reban the case, then that allow for an evaluation and analysis of the additional objections raised by appellants at the trial court level, which have yet to be addressed. All right. We'll give you a brief rebuttal. Thank you, Your Honor. Thank you. Sorry to make you have to do this again. Good morning, and may it please the court. Christopher Herr for the United States. If I may, Your Honors, I'd like to start off where we left off with my friend on the other side on segregability. I believe the district court in this case was doing its duty, as this court said in Sussman, a segregability finding needs to be made by the district court. That was done here, as Judge Katsas pointed out, by looking at the order. And really what the court was doing there is ensuring that the FBI did its homework, that it conducted the appropriate level of review. And to Judge Walker's point, whether that's a line-by-line review or document-by-document review, it just needs to be sufficient to show that the FBI was reviewing the documents close enough to make a reasonable determination that there was no information that could be released. It has to be line-by-line, right? It may be. This court has upheld line-by-line reviews on a number of occasions, Your Honor, of course. There's no magic language. I don't believe that's required, at least none that I'm aware of. It needs to be sufficiently close. And I agree with Judge Walker that if the FBI is attesting that it read each document page-by-page, that would be – one would assume that the FBI did so line-by-line. So, you know, that – the level of review – They have to do it at a level of detail sufficient to conclude that anything you could pull out and turn over would be essentially meaningless. I think that's exactly correct, Your Honor. It needs to be sufficiently precise. It can't be at 10,000 feet. It becomes a lot more granular than just, oh, this document has exempt information, so we're done. I believe that's correct, Your Honor, and I know Congress had perhaps heightened that requirement with the FOIA Improvement Act in 2016. I'll just point out for the court's awareness that that does not apply in this case, given that the request is from 2014 and the litigation filed in 2015. But, yes, in all events, Your Honor, the FBI in the Ex Parte Bender Declaration spelled out its efforts to conduct the appropriate level of review. The court did reference that in its order, saying that it could not describe those efforts further, but that it had ensured that the FBI appropriately conducted its review. And I would point Your Honors – or I would invite Your Honors to review the Exhibit B to the Ex Parte Bender Declaration, where the FBI took pains to more specifically describe each document in a Vaughan such that it demonstrated the appropriate level of review was done here. And that's what Judge Walton was relying on in making his segregability finding. What about the requirement from our accrued decision that there has to be a law enforcement – a concrete prospective or pending law enforcement proceeding at the time of the decision? Yes, Your Honor. There – in this case, there was. And what this – what the law enforcement proceeding that was concrete and ongoing at the time of the decision and today is the FBI's counterterrorism investigation involving a number of individuals and associations. So it is a broad – a broad investigation here. I don't want the court to, you know, kind of zero in on any one aspect of a counterterrorism investigation, which might be a little bit unique versus a more granular investigation into, say, a bank robbery or some discrete event. That was certainly ongoing, Your Honor. Is it an investigation – a law enforcement proceeding? As distinct from – I mean, counsel argues that, you know, we're always going to have information gathering. And, you know, one would hope that we're having information gathering on counterterrorism. But I had read the precedence to require a pending proceeding, which – does an investigation satisfy that? In this case, it does, Your Honor. Either a concrete pending or prospective. Right. And that's an important distinction, Judge Pillar, that the proceedings need not be pending. They need to be at least reasonably foreseeable. They are here, and both parties cited to Jeffrey's case, Your Honor, where the court summed it up very simply, which was if the enforcement proceeding is for a potential violation of law, then it's a law enforcement – it was compiled for a law enforcement purpose. So how do you define proceeding in that? That's a good question, Judge Pillar. I think in this case, it's a pretty simple answer, and that's that proceeding is both the – I mean, it culminates in a criminal prosecution. And that's where this investigation is headed. That is the purpose of the investigation. And so the investigation itself, it may be difficult to parse out when the investigation, you know, turns into – I mean, obviously it would not be difficult to parse out when it would turn into a prosecution. There would be an appropriate criminal filing with respect to that. But they blend together, Your Honor. So here there have been, as part of this investigation, there have already been prosecutions that, you know, maybe not directly resulted from this but are ancillary to this, and there are more anticipated as part of the FBI's broader counterterrorism investigation. That are not identified in the record? I would point, Your Honor, to the Ex parte Hardee declaration where I believe starting around paragraph six, Mr. Hardee spells out the nature of the other subjects of the investigation or circumstances of the investigation that would add some clarity to that. But it is a broader investigation, as I stated before. Just trying to refresh my recollection, I mean, CNSS was a whole investigation post 9-11. Pretty broad on a 7-8 case, right? Yeah, the Center for National Security Studies, yes. I wasn't familiar with the acronym. Yes, that was a 9-11 investigation, Your Honor. But, I mean, it was about a more discreet set of, I guess, documents, the names of the detainees. But the investigation was post 9-11. Exactly. I think if you were to take out the subject of the FOIA request, the documents themselves, I think we're on all fours with respect to how the court would view whether or not the records themselves were compiled for law enforcement purposes. Yes. Can you articulate any limiting principle, like how we, with appropriate deference to the Bureau, can verify whether Exemption 7A appropriately applies in view of a pending or reasonably anticipated proceeding? Well, yes, Your Honor. I think this court and crew, I think, endeavored to go down that road and try to look at, well, how do we review an ongoing proceeding for, you know, what might the bounds be? And the court identified three factors. One, it was whether or not the Department of Justice adequately described the ongoing investigations. I think we meet that task here, Your Honor, because the FBI has gone to considerable lengths to submit, albeit in ex parte form, declarations, providing a more granular explanation of what the ongoing investigations deal with and didn't just describe them generally. The second point that the court and crew looked at was the passage of time. And here we understand that is significant. And I think, again, I would point to the FBI's efforts to explain that passage of time. And here we're against the context of a counterterrorism investigation. Those can last a long time. Those can be quite complex, span borders, and involve very complex investigatory problems that need to be met by the FBI in this case. And third, the court looked at whether or not the government could articulate any ongoing proceedings. And I believe in the crew case, it dealt with an investigation into a lobbyist, Jack Abramoff. And, you know, at that point, I think the government had pointed to sentencing proceedings, which had by the time of the oral argument concluded. So that case had some issues of actions that were had just ended or were about to end. Here we don't have those same problems for the reasons that I mentioned before, due to the nature of the counterterrorism investigation at issue. So, Judge Pillard, I hope I answered your question. Just to show where a court has grappled with the what are the limiting principles here when we're looking at what must the government show? I think we've gone at least as far as as most other courts have found sufficient in terms of trying to provide the district court with sufficient information to review our claim of Exemption 7A. And I see I'm out of time, so unless the court has any other questions, we ask the court to affirm. The honors, I would like to take a moment to address a few points made by my colleague across the aisle. First of all, to be clear, Mr. Farrar, he has never been accused or charged with any terrorist activities that has not happened. I would expect that reasonably speaking, if the government had anything it wanted to charge him with over the past 10 years, it probably would have done it by now. Part of the analysis as... I don't think this is in the record, but are you aware of your client having been contacted by the FBI any time in the last 10 years? Not over the course of this litigation, Your Honors. No, I have not. Prior to that, yes. But over the course of this litigation, no, I've not been aware of that. And again, there was the overlapping ongoing immigration proceedings to which I am not an expert, or about which I am not an expert. But he has not been charged. And you said charged or accused? He's certainly not been charged with anything. There are references in the record to purported associations. But those are two purported associations with individuals against whom action has already been taken and concluded. So, presumably, if the government were looking to charge Mr. Farrahi for anything related to those concluded criminal proceedings, it would have done so either at or near the same time, not a decade down the road. Now, when you say... I mean, there's a classified record. You identify individuals. And on what basis there's, you know, assertion that all the individuals that he was associating with, that the FBI was interested in, have been charged or died? How do you know that? Your Honor, we can only operate based off what we do know. I can tell you that there has not been further approach to Mr. Farrahi to indicate any further ongoing investigation or any upcoming or pending charges. And that is what this court requires. First of all is... Does it? I believe that it does require that it show a reasonably likely future law enforcement proceeding, which will occur, not an indefinite, we might find something in the future, and we're continuing to gather intelligence. That is not this court's standard. Nor would that... That would give... That would negate the intent and Congress's intent of the Freedom of Information Act. If the FBI could simply state, or any agency could simply state, we have an ongoing investigation, an ongoing intelligence-gathering investigation, then we're just going to keep open because it's a good idea to continue to gather intelligence. And it may or may not lead to something. That is not what Congress intended when Congress passed the exceptions, which are specifically listed in Exemption 7 of the Freedom of Information Act. It's a very difficult thing to represent someone in a case where there's information that you aren't privy to. You say there's no further approach to him, but that doesn't mean that there aren't ongoing proceedings against persons in his orbit or against him. It doesn't preclude it, but your Honor, since we do have indicators in the record here that we are relating back to the same or similar ongoing investigation that's being asserted here, then presumably there is nothing, or very little, it's unlikely, it's not logical, it's not rational, to believe that 10 years down the road, they just haven't gotten around to going after someone they think is involved in terrorism. And that's what the FBI is asking this court to bless. Thank you, Your Honor. Thank you.
judges: Pillard; Katsas; Walker